IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHNNIE BANKSTON, # R-16224,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 15-cv-01273-JPG |
| | ) |
| **IDOC and KURTIS HURTER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Johnnie Bankston, an inmate who is currently incarcerated at Pontiac Correctional Center ("Pontiac"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for the violation of his constitutional rights at Shawnee Correctional Center ("Shawnee"). In the complaint, Plaintiff claims that his request for a "program transfer" was unlawfully denied by Shawnee officials in April and May 2015. (Doc. 1 at 5-6). Plaintiff now sues the Illinois Department of Corrections ("IDOC") and Kurtis Hurter (Shawnee's warden) for violating his right to due process of law under the Fourteenth Amendment. (*Id.*). He seeks monetary damages and injunctive relief. (*Id.* at 7-8).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The complaint does not survive screening under § 1915A and shall be dismissed.

## The Complaint

According to the complaint, Plaintiff requested a "program transfer" in a meeting with Counselor Seip at Shawnee on April 13, 2015. (Doc. 1 at 5). The counselor asked Plaintiff to explain the reasons for his request, and Plaintiff offered the counselor his explanation. The complaint does not include a statement of the reasons for his request.

A month later, Plaintiff inquired into the status of the request. Counselor Seip informed him that it was denied. Plaintiff was not provided with a verbal or written summary of the reasons for the denial.

He appealed the decision in a grievance dated May 16, 2015. A counselor denied the grievance, indicating that the "reason of denied [sic] was number #4." (*Id*. at 5). The complaint does not include a copy of the denial or explain what this response means. It is not clear whether Plaintiff knows what it means.

Plaintiff also appealed this decision, but he claims that his appeal was untimely. He blames Shawnee's warden, Kurt Hurter ("Warden Hurter"). Plaintiff alleges that the warden never provided him with a written statement of the reasons for denying his transfer request, in violation of 20 Ill. Admin. Code §§ 504.850 and 503.120. This oversight allegedly caused a delay in filing his appeal.

Plaintiff now sues the IDOC and Warden Hurter for violating his right to due process of law under the Fourteenth Amendment. He seeks monetary damages and an injunction prohibiting further violations of his due process rights. (*Id*. at 7-8).

### Discussion

In accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claim in Plaintiff's *pro se* complaint into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court:

> **Count 1:**  **Defendants IDOC and Warden Hurter deprived Plaintiff of due process of law, in violation of the Fourteenth Amendment, when they denied his transfer request in April and May 2015.**

After fully considering the allegations in the complaint, the Court finds that this action is subject to summary dismissal for failure to state any claim upon which relief may be granted.

1. **Dismissal of Due Process Claim**

The Fourteenth Amendment Due Process Clause (**Count 1**) prohibits a state from depriving any person of life, liberty, or property without due process of law. In order to determine whether the complaint states a due process claim, the Court must consider whether a liberty interest is implicated and, if so, the degree of process that is due to the individual before he can be deprived of that interest. *See Shango v. Jurich*, 681 F.2d 1091, 1097 (7th Cir. 1982); *Meachum v. Fano*, 427 U.S 215, 223-24 (1976).

But not every action that carries with it negative consequences gives rise to a liberty interest for inmates. *Moody v. Daggett*, 429 U.S. 78, 86-88 (1976). It is well settled that "prisoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum*, 427 U.S. at 224 (the Constitution does not guarantee placement in a particular prison or limit inter-prison transfer even when the new institution is much more disagreeable).

Prisoners also have no liberty or property interest in attending particular programs within an institution, such as educational, vocational, or rehabilitative courses. *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000). Prisons are not constitutionally required to provide these programs to inmates. *Id*. Likewise, prisoners have no constitutional right to be transferred to another prison where a desired rehabilitative program would be available, even if the program might earn the prisoner earlier release. *Id*. Under the circumstances, the denial of Plaintiff's "program transfer" request gives rise to no liberty interest under the Due Process Clause.

Likewise, no liberty interest arises from the regulations cited in the complaint. *See* 20 ILL. ADMIN. CODE §§ 504.850 and 503.120. Section 503.120 allows administrative

transfers of prisoners at the discretion of prison officials.  20 ILL. ADMIN. CODE § 503.120. Inherent in this regulation is the discretion to deny a transfer request.  The Seventh Circuit has repeatedly held that there is no protected liberty interest in obtaining or avoiding a transfer. *Mathews v. Fairman*, 779 F.2d 409, 413 (7th Cir. 1985); *Harris v. McDonald*, 737 F.2d 662, 665 (7th Cir. 1984); *Shango*, 681 F.2d at 1100.

Section 504.850 governs appeals of grievances, which also gives rise to no liberty interest under the Fourteenth Amendment.  20 ILL. ADMIN. CODE § 504.850.  Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause per se. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

The complaint includes no allegations suggesting that Plaintiff was deprived of a protected liberty or property interest.  Because no liberty interest was at stake, no process was due, and no claim has been stated.  **Count 1**, and this action, is therefore subject to dismissal.

**2.     Dismissal of IDOC**

Additional grounds exist for dismissing the IDOC.  Plaintiff cannot maintain a suit for money damages against the IDOC because it is a state government agency.  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*,

894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same).  The IDOC is immune from suit by virtue of the Eleventh Amendment, which bars suits against states in federal court for money damages.

Further, the IDOC should not have been named in connection with a request for injunctive relief.  The proper defendant is the government official who is responsible for ensuring that any injunctive relief is carried out.  *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In this case, the proper defendant would be the warden of the facility where Plaintiff is housed, acting in his official capacity.  These additional grounds exist for dismissing the IDOC from this action.

### Pending Motion

Along with the complaint, Plaintiff filed a motion for recruitment of counsel (Doc. 3), which is hereby **DENIED**.  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).  When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own.  *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)).  If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).

At the time he filed his motion, Plaintiff only "recently start[ed] sending letters to attorneys."  (Doc. 3 at 1).  Plaintiff filed the action and the motion before receiving any

responses.  Given these statements, the Court finds that Plaintiff has failed to satisfy the requirement that he attempt to secure counsel on his own before asking the Court to recruit counsel on his behalf.

However, Plaintiff would fair no better with the assistance of an attorney.  His claim is utterly lacking in merit.  Accordingly, Plaintiff's motion (Doc. 3) is denied.  *See Luckett v. Heidorn*, 566 Fed. App'x 516, 521 (7th Cir. 2014) (plaintiff was not prejudiced by refusal to recruit counsel where "counsel could not have made a difference in . . . litigation"); *Jackson v. Kotter*, 541 F.3d 688, 698, 700 (7th Cir. 2008) (where lawsuit was "doomed," the court properly found that "an attorney could not have refashioned his meritless claim into a meritorious one").

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED with prejudice** from this action, and Defendant **KURT HURTER** is **DISMISSED without prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for

leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: December 11, 2015**

> *s/J. Phil Gilbert*
> **District Judge,**
> **United States District Court**